**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23365-RUIZ/LOUIS**

SISTRUNK SEEDS INC. d/b/a
DUNN'S OVERTOWN FARM, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

Defendants.
_______________________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR AN EXPEDITED RULING ON MOTION TO STAY DISCOVERY**

Plaintiffs Sistrunk Seeds Inc. d/b/a Dunn's Overtown Farm, Carmen Salcedo, Kristen Browde, and Gregory van den Dries (collectively, "Plaintiffs") file this response in opposition to Defendants' improper and unwarranted request for an expedited ruling on their Expedited Motion for Stay of Discovery Pending Ruling on the Motions to Dismiss ("Expedited Motion to Stay"),[1] Dkt. No. 53, and state as follows:

**BACKGROUND AND PROCEDURAL POSTURE**

1. On August 27, 2026, Plaintiffs filed the Motion to Enter Proposed Scheduling Order or, in the Alternative, to Compel Rule 26(f) Scheduling Conference ("Motion to Compel"). Dkt. No. 49.

2. That same day, the Court granted Plaintiffs' Motion to Compel and directed the Parties to "participate in a scheduling conference on or before September 4, 2026 and [to] submit

[1] This filing is intended *solely* to oppose Defendants' request for an expedited ruling in the Expedited Motion to Stay. Dkt. No. 53 at 1. Unless and until the Court orders otherwise, Plaintiffs intend to file a response opposing the Motion to Stay pursuant to the normal briefing schedule.

a joint scheduling report to the Court on or before September 11, 2026." Dkt. No. 51 ("August 27 Order"). The Court also noted that the Parties' obligation to submit a scheduling report "persists even if a motion to stay discovery is forthcoming from Defendants." *Id.*

3. Plaintiffs' counsel thereafter emailed Defendants' counsel and coordinated the Rule 26(f) scheduling conference to take place on September 1, 2026 at 12:00pm ET.

4. On the afternoon of August 31, 2026, State Defendants and Defendant The Donald J. Trump Presidential Library Foundation, Inc. (collectively, "Defendants") filed their Expedited Motion to Stay. Dkt. No. 53. Defendant Donald J. Trump filed a response in support. Dkt. No. 55.

5. In their Expedited Motion to Stay, Defendants "request an expedited ruling on this stay request on or before 12pm on September 1, 2026, the scheduled time for the parties to meet to comply with the Court's discovery and scheduling conference order. Alternatively, Defendants request that this Court stay the discovery and scheduling conference until this Court can address the merits of this motion." Dkt. No. 53 at 1.

**MEMORANDUM OF LAW**

Defendants' request for an expedited ruling is both improper and unwarranted. Defendants have failed to follow Court procedures, failed to articulate a valid basis for expedited relief, and unduly delayed making their request for an expedited ruling—which is effectively a request for reconsideration of the Court's August 27 Order. Further, without any actual discovery responses due imminently, Defendants have failed to provide any valid reason why the Court should rule immediately, which would prejudice Plaintiffs.

As a threshold matter, Defendants' request violates the Local Rules for the Southern District of Florida. Local Rule 7.1(a)(3) states, "Prior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make a reasonable effort to confer

(orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." At no time prior to filing their Expedited Motion to Stay did Defendants' counsel inform Plaintiffs' counsel that Defendants intended to seek a stay of discovery on an *expedited* basis, requesting a ruling less than 24 hours thereafter.[2] Defendants' failure to confer with or otherwise inform Plaintiffs about their expedited ruling request violates Local Rule 7.1(a)(3), leaving Plaintiffs without any realistic opportunity to meaningfully respond to a critical motion that, if granted, could curtail their ability to prosecute their claims in this action.

Further, Local Rule 7.1(d)(2) states that "[a] filer whose time-sensitive motion does not qualify as an emergency motion but who nonetheless requires an expedited ruling by a date certain may file an expedited motion in lieu of an emergency motion[] . . . . [which] must set forth in detail the date by which an expedited ruling is needed and the reason the ruling is needed by the stated date." Here, Defendants violated Local Rule 7.1(d)(2) by failing to state "the reason the [requested expedited] ruling is needed by" September 1, 2026 at 12:00 PM. Defendants aver that "[g]ood cause exists for this [expedited] request," but support that assertion only with arguments relating to a stay of discovery pending the resolution of their Motions to Dismiss. Dkt. No. 53, at 1–2. Nowhere in their Motion to Stay do Defendants articulate why they require a ruling in less than 24 hours, and arguments supporting a stay of discovery do not, by themselves, justify an expedited ruling.

It appears evident from the language and timing of Defendants' expedited ruling request that they seek to avoid proceeding with a Rule 26(f) scheduling conference. After the Court

---

[2] The conferral history regarding Defendants' now-filed Motion to Stay is discussed at length in Plaintiffs' Motion to Enter Proposed Scheduling Order or, in the Alternative, to Compel Rule 26(f) Scheduling Conference. Dkt. No. 49.

granted Plaintiffs' Motion to Compel and directed the Parties to participate in a Rule 26(f) scheduling conference, *see* Dkt. No. 51, the Parties agreed via email to hold the conference on September 1, 2026 at 12:00 PM ET. Now, Defendants request an expedited ruling on their Motion to Stay before then, and "[a]lternatively[] . . . request that this Court stay the discovery *and scheduling conference* until this Court can address the [Motion to Stay's] merits . . . ." Dkt. No. 53, at 1 (emphasis added). However, as this Court already recognized in the August 27 Order, "the [P]arties are obligated to participate in a scheduling conference and file a joint scheduling report pursuant to Federal Rules of Civil Procedure 16 and 26 . . . . [a]nd this obligation persists even if a motion to stay discovery is forthcoming from Defendants." Dkt. No. 51. Defendants' request for an expedited ruling is simply an effort to seek reconsideration of the Court's ruling and avoid participating in a scheduling conference that applicable rules require and that the Court has clarified *must* take place.

Moreover, even if Defendants properly requested an expedited ruling, no such ruling is warranted. After initially refusing to participate in the required scheduling conference, and insisting that this action should be stayed in its entirety, Defendants waited *ten days* before filing their Motion to Stay. If there were legitimate grounds warranting an immediate stay of this proceeding (there are not), Defendants could and should have sought that relief sooner, which would have at least given Plaintiffs a meaningful opportunity to respond. In any event, no discovery is currently pending because Plaintiff cannot serve discovery requests until after the scheduling conference. Thus, the earliest any discovery could be served is later this week (responses to which would not be due for 30 days), leaving ample time for the Parties to fully brief the Motion to Stay and for the Court to rule in the ordinary course.

Finally, Plaintiffs will be significantly prejudiced if required to respond to Defendants' Motion to Stay on an expedited basis. The Motion to Stay raises substantive arguments that overlap with Defendants' Motions to Dismiss. Plaintiffs are currently preparing their oppositions to those Motions to Dismiss (presently due on September 15, 2026). Having taken months to prepare their own arguments for dismissal, Defendants cannot reasonably expect Plaintiffs to preview their responses with less than 24 hours' notice.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants' request for an expedited ruling on their Motion to Stay, Dkt. No. 53, and allow Plaintiffs to brief the Motion to Stay pursuant to a normal briefing schedule.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Shane Grannum*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
DANIEL S. GELBER
Florida Bar No. 512877
dan@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

ELIZABETH B. WYDRA *
elizabeth@theusconstitution.org
BRIANNE J. GOROD *
brianne@theusconstitution.org
BRIAN R. FRAZELLE *
brian@theusconstitution.org
MIRIAM BECKER-COHEN *
miriam@theusconstitution.org
SMITA GHOSH *
smita@theusconstitution.org
CONSTITUTIONAL ACCOUNTABILITY CENTER
1730 Rhode Island Avenue NW, Suite 1200
Washington, D.C. 20036
Telephone: (202) 296-6889

* Admitted *pro hac vice*

*Counsel for Plaintiffs*