**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23365-RUIZ/LOUIS**

SISTRUNK SEEDS INC. d/b/a
DUNN'S OVERTOWN FARM, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

Defendants.
_____________________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING RULING ON THE MOTIONS TO DISMISS**

Plaintiffs Sistrunk Seeds Inc. d/b/a Dunn's Overtown Farm, Carmen Salcedo, Kristen Browde, and Gregory van den Dries (collectively, "Plaintiffs") file this response in opposition to the Motion for Stay of Discovery Pending Ruling on the Motions to Dismiss ("Motion to Stay") filed by the State Defendants[1] and The Donald J. Trump Presidential Library Foundation, Inc. ("Trump Library Foundation"), Dkt. No. 53, which Defendant Donald J. Trump has joined (collectively, "Defendants"). Dkt. No. 55.

**INTRODUCTION**

Defendants' Motion to Stay improperly seeks to transform this District's longstanding stay standard—under which motions to stay are disfavored and discretionary—into an automatic,

[1] As used herein, and throughout this litigation, the term "State Defendants" collectively refers to Defendants Ron DeSantis, James Uthmeier, Blaise Ingoglia, Wilton Simpson, the Florida Board of Trustees of the Internal Improvement Trust Fund, Michael Bileca, Roberto Alonso, Marcell Felipe, Ismare Monreal, Juan Segovia, Jose Felix Diaz, David J. Smith, the District Board of Trustees of Miami Dade College, and Miami Dade College. The use of the term is intended solely for ease of reference.

mandatory, and sweeping stay of all discovery and proceedings. Defendants ask the Court to halt this action based largely on their own prediction that their Motions to Dismiss will succeed, even though Plaintiffs' forthcoming opposition (due on September 15, 2026) will make clear why Defendants' arguments for dismissal are neither clearly meritorious nor case dispositive.

Defendants' request for this sweeping stay comes after they initially refused to participate in the Rule 26(f) scheduling conference required by this Court's Civil Policies and Procedures and then sought to stay the conference even after this Court ordered them to participate. Now, Defendants seek the same type of wholesale freeze as to discovery and all further proceedings, while also distorting the high bar governing stay requests. Because the preliminary-peek inquiry underlying a stay necessarily requires consideration of both sides' positions, Plaintiffs respectfully request that the Court defer ruling on the Motion to Stay until *after* it reviews Plaintiffs' opposition to the Motions to Dismiss. *See infra* § III.

Ultimately, Defendants rely on rhetorical labels to secure a stay rather than the governing legal standard, characterizing this action as "ambitiously novel" and suggesting that Plaintiffs advance "unprecedented legal claims." Dkt. No. 53 at 3–4. As Plaintiffs' opposition to Defendants' Motions to Dismiss will explain, the Complaint in fact advances valid and well-established legal theories grounded in the text, history, and purpose of the Domestic Emoluments Clause. The only thing novel about this case is the factual allegations, and unprecedented circumstances often warrant unprecedented litigation. It is not every day that a state gifts land for the purported construction of a presidential library after paving the way for the President to actually do whatever he wants with it, and then the President openly expresses his intent to build a for-profit hotel on the land, concretely injuring Plaintiffs. In any event, Defendants' rhetorical labels do not present legitimate bases to stay discovery pending resolution of the Motions to Dismiss. Based on the

foregoing, and as discussed herein, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay.

**LEGAL STANDARD**

Courts in the Southern District of Florida generally disfavor stays of discovery pending the resolution of a motion to dismiss, both under Federal Rule of Civil Procedure 26(c) and their inherent authority to manage their docket.[2] *See Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186–87 (S.D. Fla. 2021). "[W]hen discovery is delayed or prolonged [by such a stay,] it can create case management problems which impede the [c]ourt's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* at 1186 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Although district courts maintain discretion to stay discovery pending the resolution of a motion to dismiss, a stay is neither automatic nor mandatory. *See, e.g.*, *Reilly v. Amy's Kitchen, Inc.*, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."). Rather, "the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Cuhaci*, 540 F. Supp. 3d at 1186–87 (quoting *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)).

---

[2] The Motion to Stay erroneously insinuates in a footnote that the law disfavoring stays has been repudiated based solely on Defendants' theory that the elimination of a discovery procedures *handbook* after 2014 amounted to an elimination of the rule disfavoring stays. Dkt. No. 53 at 11 n.7. That is obviously wrong. Courts within the District have long disfavored—and continue to disfavor—stays pending the resolution of a motion to dismiss. *See, e.g.*, *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186–87 (S.D. Fla. 2021) (explaining that stays are generally disfavored); *Lord v. Univ. of Miami*, 2021 WL 9859769, at *2 (S.D. Fla. Oct. 27, 2021) ("federal law places a thumb on the scale against discovery stays . . . ."); *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) ("A stay of discovery pending the determination of a motion to dismiss . . . is the exception rather than the rule." (citation omitted)).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Cuhaci*, 540 F. Supp. 3d at 1187 (quoting *Feldman*, 176 F.R.D. at 652–53). Given that the preliminary-peek inquiry is not a one-sided inquiry, courts are best positioned to assess whether a motion to dismiss is clearly meritorious only *after* reviewing briefing from *both* parties. *See Bocciolone v. Solowsky*, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008); *Zamber v. Am. Airlines, Inc.*, 2017 WL 5202748, at *5 (S.D. Fla. Feb. 17, 2017).

## MEMORANDUM OF LAW

### I. Defendants mischaracterize the limited nature of Plaintiffs' intended discovery at this juncture and seek a stay based on speculation.

As an initial matter, Plaintiffs have yet to serve any discovery in this action. Without knowing what discovery Plaintiffs even intend to serve, Defendants have run to the Court in a panic, asking it to rush a ruling on their request for a sweeping stay of discovery (and all proceedings) based on a speculative and self-serving assessment of Plaintiffs' intentions. Along the way, they malign Plaintiffs' 241-paragraph Complaint as "threadbare," and falsely insinuate that Dr. Marvin Dunn, the director of Plaintiff Sistrunk Seeds Inc., has been out "to make discovery unpleasant" since he filed a different suit, represented by different attorneys, nearly a year ago. [3] Dkt. No. 53 at 3–4, 11.

[3] Bizarrely, Defendants' Motion to Stay goes to great pains to suggest that Defendants did detective work to reveal Dr. Dunn's involvement with this case, as if it were somehow concealed. The Complaint makes abundantly clear that Dr. Dunn co-founded Dunn's Overtown Farm and previously brought a Florida Sunshine Act challenge to the September 2025 vote to convey the MDC Parcel to the State of Florida, resulting in a temporary injunction before Miami Dade College's trustees conducted a second vote. *See* Compl. ¶¶ 8, 102–07.

This is sound and fury. It signifies nothing. In reality, Plaintiffs intend to serve only limited discovery focused on a single Defendant, the Trump Library Foundation, while the Motions to Dismiss remain pending—making Defendants' request for a wholesale freeze on all discovery and proceedings particularly unwarranted. Barring unexpected developments or actions to advance the subject parcel's development that require immediate discovery or injunctive relief, Plaintiffs do not anticipate discovery against the latter Defendants while the Motions to Dismiss remain pending, further demonstrating that Defendants have not identified any concrete burden warranting the extraordinary stay of all discovery and proceedings that they seek.

## II. Defendants misstate the governing law by attempting to transform a discretionary, disfavored stay into a presumptive entitlement.

Defendants similarly misconstrue the prevailing law. The mere filing of a motion to dismiss does not create a presumptive right to a stay of discovery. Every motion filed pursuant to Federal Rule of Civil Procedure 12, including Defendants' Motions to Dismiss, seeks dismissal as a matter of law. If that alone justified a stay, discovery would halt whenever a defendant in a civil action moved to dismiss. Defendants extract a quote from the Eleventh Circuit's decision in *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997)), to conjure up a rule requiring a stay. *See* Dkt. No. 53 at 4. However, Defendants omit subsequent authorities in this District that have clarified that no such rule exists: *Chudasama* "does not state a general rule that discovery be stayed pending resolution of a motion to dismiss," and instead "confronted a very specific situation involving a threefold problem" that is not at issue here.[4] *Cuhaci*, 540 F. Supp. 3d at 1187; *see also Lord v. Univ. of Miami*, 2021 WL 9859769, at *2 (S.D. Fla. Oct. 27, 2021) (same).

---

[4] *Isaiah* is also inapposite. There, the Eleventh Circuit held that the district court did not abuse its discretion by staying discovery pending the resolution of a motion to dismiss because the district

### III. The Court should defer ruling on the instant Motion to Stay until it has had an opportunity to thoroughly review Plaintiffs' forthcoming opposition to the Motions to Dismiss.

Given that this Court must take a preliminary peek at the merits of a pending Motion to Dismiss in deciding whether to grant a stay, it should defer ruling on the instant Motion to Stay Discovery until it has had an opportunity to thoroughly review Plaintiffs' forthcoming Opposition to Defendants' Motions to Dismiss, which is due and will be filed on September 15, 2026. *See* Dkt. No. 57. The Court's expedited briefing schedule suggests that it intends to resolve the stay issue by September 15 because that date is also the current deadline for initial disclosures. *Id.* But as of this filing, the Parties have not exchanged Initial Disclosures, and Plaintiffs would not object to a deferral of that deadline to allow the Court to conduct its preliminary peek.

Further, given that the preliminary-peek inquiry is not a one-sided inquiry, courts are best positioned to assess whether a motion to dismiss is clearly meritorious only *after* reviewing briefing from *both* parties. *See Bocciolone*, 2008 WL 2906719, at *1 (denying defendants' first motion to stay because the motion to dismiss "had not been fully briefed at that time" and considering the stay only after the motion to dismiss was fully briefed); *Zamber*, 2017 WL 5202748, at *5 (S.D. Fla. Feb. 17, 2017) (deeming it appropriate to "peek[] at more than the motion [to dismiss]" and to instead also "review[] the response and the reply" before ruling on a motion to stay discovery). Put simply, ruling on the Motion to Stay Discovery before the Court can properly review Plaintiffs' forthcoming Opposition to the Motions to Dismiss risks a decision based on a one-sided, half-developed record. That is what Defendants want and that is presumably

---

court "had the benefit of a previous court's review of [plaintiff] Isaiah's nearly identical claims against a different bank," which were dismissed. 960 F.3d at 1309. Here, by contrast, Defendants cannot and do not point to any prior ruling addressing or dismissing these or similar constitutional claims.

why they rushed to this Court, knowing all too well that Plaintiffs' forthcoming opposition will demonstrate why the Motions to Dismiss are groundless, making a stay of discovery unwarranted.

IV. **Defendants do not offer a compelling basis for a stay.**

To meet the high bar for a stay pending resolution of the Motions to Dismiss, Defendants misstate the nature of Plaintiffs' claims and the Complaint's well-pleaded allegations to portray the Complaint as deficient and their Motions to Dismiss as clear winners. That framing is inaccurate. Defendants state that a stay is necessary because the Complaint is "ambitiously novel" and pleads "unprecedented legal claims." Dkt. No. 53 at 3–4, 11. Defendants also aver that the Complaint pleads "threadbare facts," *id.* at 3–4, a mischaracterization contradicted by the 241-paragraph Complaint with extensive factual allegations that Plaintiffs will fully address in their opposition. The Complaint presents extensive factual allegations that validly support this Court's exercise of jurisdiction and Plaintiffs' ability to state a claim for relief. Plaintiffs will address Defendants' arguments in their opposition brief, which will show that the Motions to Dismiss do not come anywhere *close* to establishing grounds for near-certain, entire-case dismissal.

V. **The immunity defenses advanced by some Defendants do not justify a case-wide stay because this is an official-capacity, prospective-relief case.**

The bulk of Defendants' stay request rests on immunity defenses advanced by the State Defendants (under the Eleventh Amendment) and President Trump (under a theory of "presidential immunity") to avoid discovery pending the resolution of their Motions to Dismiss. Dkt. No. 53 at 5–8. But such arguments are misguided.

Plaintiffs have sued President Trump and each of the individual State Defendants in their official capacities. Compl. ¶ 18. Plaintiffs seek only prospective declaratory and injunctive relief, and not any monetary damages. *Id.* ¶¶ 210, 229, 230–35, 236–41. As Plaintiffs' forthcoming opposition will discuss in detail, the well-established exception to Eleventh Amendment immunity

recognized in *Ex parte Young*, 209 U.S. 123 (1908), applies here, so the State Defendants' immunity defense is baseless.

The State Defendants also obliquely refer to an assertion of "[p]residential immunity," *id.* at 5, but President Trump cannot and does not assert a presidential immunity defense in his Motion to Dismiss. Presidential immunity applies only to suits against the President for civil *monetary* damages and *criminal* liability for official acts. *See Nixon v. Fitzgerald*, 457 U.S. 731 (1982); *Trump v. United States*, 603 U.S. 593 (2024). Neither is implicated here.

Ultimately, Defendants' immunity-defense handwaving is much ado about nothing given that Plaintiffs intend to serve only limited discovery while the Motions to Dismiss remain pending, focusing solely on a Defendant that does not assert immunity at all: the Trump Library Foundation.

VI. **Defendants will not suffer prejudice absent a stay of discovery.**

With delay, discovery inevitably becomes more difficult: memories fade, documents move, and facts become more elusive. Plaintiffs should not have to wait based on Defendants' unsupported arguments for a stay. *See Feldman*, 176 F.R.D. at 652. Defendants will suffer no prejudice from allowing Plaintiffs to proceed. As discussed, Plaintiffs initially seek to make limited inquiries to one Defendant (the Trump Library Foundation), underscoring the absence of any substantial burden justifying the sweeping nature of Defendants' stay request. As with all discovery, these inquiries will be subject to standard objections and judicial supervision, such that the Court may protect the Trump Library Foundation from undue burden.

Finally, although Plaintiffs reserve their right to later seek discovery from other Defendants if developments in this action so require, their present intent to only proceed with limited discovery against one Defendant not raising an immunity claim confirms that Defendants have not identified any burden sufficient to justify a wholesale stay of discovery. *See* Dkt. No. 53 at 8 (citing cases).

Courts regularly permit tailored discovery against non-immune or legally distinct parties while immunity defenses remain unadjudicated as to other defendants. *See, e.g., Harrell v. Campbell*, 482 F. Supp. 2d 1373, 1378 (N.D. Fla. 2007) (allowing discovery against official-capacity sheriff to proceed despite co-defendant deputy's qualified-immunity appeal and claims of overlapping discovery); *R.F.J. v. Fla. Dep't of Child. & Fams.*, 2017 WL 11004970, at *2–3 (M.D. Fla. Feb. 24, 2017) (same principle). The fact that information obtained from the Trump Library Foundation may ultimately bear on Plaintiffs' claims does not transform the limited discovery directed at this entity into discovery against officials asserting immunity. Consequently, denying a stay would not prejudice any Defendant.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants' Motion for Stay of Discovery Pending Ruling on the Motions to Dismiss.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Shane Grannum*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
DANIEL S. GELBER
Florida Bar No. 512877
dan@gsgpa.com
SHANE GRANNUM
Florida Bar No. 1055050
sgrannum@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

ELIZABETH B. WYDRA *
elizabeth@theusconstitution.org
BRIANNE J. GOROD *
brianne@theusconstitution.org
BRIAN R. FRAZELLE *
brian@theusconstitution.org
MIRIAM BECKER-COHEN *
miriam@theusconstitution.org
SMITA GHOSH *
smita@theusconstitution.org
CONSTITUTIONAL ACCOUNTABILITY CENTER
1730 Rhode Island Avenue NW, Suite 1200
Washington, D.C. 20036
Telephone: (202) 296-6889

* Admitted *pro hac vice*

*Counsel for Plaintiffs*